1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONALD M. CONWAY,                          No.  2:15-cv-1139 KJN P

12              Plaintiff,

13        v.                                    ORDER

14   CALIFORNIA HEALTH CARE
     FACILITY, et al.,
15
               Defendants.
16

17

18        Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

19   42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

20   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

21   § 636(b)(1).  Plaintiff consented to proceed before the undersigned for all purposes.  See 28

22   U.S.C. § 636(c).

23        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C.

24   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

25        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

26   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

27   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

28

1  direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

2  and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

3  payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

4  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

5  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

6  § 1915(b)(2).

7      The court is required to screen complaints brought by prisoners seeking relief against a

8  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

9  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

10  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

11  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

12      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

14  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

19  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

20  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

21  1227.

22      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

23  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

24  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

25  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

26  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

27  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

28  sufficient "to raise a right to relief above the speculative level."  Id., at 555.  However, "[s]pecific

facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

In the instant complaint, plaintiff states that when he arrived at the California State Prison in Solano ("CSP-SOL"), "the nurse told [him he] was at high risk for Valley Fever." (ECF No. 1 at 3.)  Plaintiff was then transferred to Avenal State Prison, where a nurse told him he was not at high risk.  At some point, plaintiff contracted Valley Fever.  Plaintiff was then transferred to the California Health Care Facility ("CHCF") where he claims he did not receive treatment for Valley Fever, and alleges he still feels pain in his chest and joints.  (ECF No. 1 at 3.)

In the caption of his complaint, plaintiff names CHCF and its warden, Brian Duffy.  (ECF No. 1 at 1.)  However, in the body of the complaint, plaintiff also names a nurse at Solano Prison, three nurses at Avenal State Prison, and a nurse at CHCF.  (ECF No. 1 at 2.)

First, the Eleventh Amendment bars suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) ( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own.  Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78 (1974).  In the instant case, the State of California has not consented to suit.  Accordingly, plaintiff's claims against the CHCF are legally frivolous and must be dismissed.  Plaintiff should not include the CHCF as a defendant in any amended complaint.

Second, plaintiff names the warden as a defendant.  The Civil Rights Act under which this action was filed provides as follows:

Every person who, under color of [state law] . . . subjects, or causes

3

> to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Thus, Brian Duffy's role as warden, standing alone, is insufficient to state a civil rights claim.  Therefore, plaintiff should not name Brian Duffy as a defendant in any amended complaint unless plaintiff can allege facts demonstrating that Warden Duffy personally participated in the alleged constitutional violation.

////

1    Third, plaintiff did not link each named defendant to the factual allegation plaintiff

2    contends demonstrates a constitutional violation.  In any amended complaint, plaintiff must set

3    forth specific facts showing what each named defendant did or did not do that plaintiff alleges

4    demonstrates a violation of his constitutional rights.

5    Fourth, plaintiff is informed that, to state a claim under the Eighth Amendment's

6    proscription against deliberate indifference to a prisoner's serious medical needs,[1] he must allege

7    not only that his medical needs are serious, but that each defendant's response or course of

8    treatment was "medically unacceptable under the circumstances," and chosen "in conscious

9    disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th

10   Cir. 1996) (citations and internal quotation marks omitted).  Plaintiff must allege that he was

11   harmed by defendant's purposeful act or failure to act in response to plaintiff's serious medical

12   need.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  "The indifference to a prisoner's

13   medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice'

14   _____

15   [1] "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and
     wanton infliction of pain, proscribed by the Eighth Amendment.  This is true whether the
16   indifference is manifested by prison doctors in their response to the prisoner's needs or by prison
     guards in intentionally denying or delaying access to medical care or intentionally interfering with
17   the treatment once prescribed."  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal citations,
     punctuation and quotation marks omitted).  "Prison officials are deliberately indifferent to a
18   prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical
     treatment.'"  Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v.
19   United States, 838 F.2d 390, 394 (9th Cir. 1988)).

20

21   "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in
     further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin v.
22   Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v.
     Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting Estelle, 429 U.S. at 104).  Serious
23   medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find
     important and worthy of comment or treatment; the presence of a medical condition that
24   significantly affects an individual's daily activities; [and] the existence of chronic and substantial
     pain."  McGuckin, 974 F.2d at 1059-60.
25

26   To prevail on a claim for deliberate indifference to serious medical needs, a prisoner must
     demonstrate that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health
27   or safety; the official must both be aware of the facts from which the inference could be drawn
     that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v.
28   Brennan, 511 U.S. 825, 837 (1994).

1   will not support this claim.  Even gross negligence is insufficient to establish deliberate

2   indifference to serious medical needs."  Lemire v. CDCR, 726 F.3d 1062, 1081-82 (9th Cir. 2013)

3   (internal citations, punctuation and quotation marks omitted); accord, Cano v. Taylor,  739 F.3d

4   1214, 1217 (9th Cir. 2014).  Moreover, "[a] difference of opinion between a physician and the

5   prisoner -- or between medical professionals -- concerning what medical care is appropriate does

6   not amount to deliberate indifference."  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012)

7   (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)).

8           Plaintiff names Registered Nurse L. Punzalan at CSP-SOL as a defendant.  If Punzalan

9   was the nurse at CSP-SOL who told plaintiff that he was at high risk for contracting Valley Fever,

10  such allegation is insufficient to demonstrate Punzalan was deliberately indifferent to plaintiff's

11  serious medical needs.  Unless plaintiff can allege facts that meet the above standards, plaintiff

12  should not include Punzalan as a defendant in any amended complaint.

13          Plaintiff names Jonas Esperanza, R.N., as a defendant at CHCF, but plaintiff fails to

14  explain what Esperanza did or failed to do that demonstrates he was deliberately indifferent to

15  plaintiff's serious medical needs.  Plaintiff alleges no facts demonstrating that Esperanza was

16  responsible for treating plaintiff's Valley Fever, yet failed to treat plaintiff.  Plaintiff claims that

17  he still feels chest and joint pains; however, it is unclear whether this is the result of not receiving

18  treatment for Valley Fever, or whether such pain is a lingering symptom of Valley Fever.[2]

19  Plaintiff is granted leave to amend.

20          Plaintiff names three nurses at Avenal State Prison, but fails to articulate what each nurse

21  did or did not do that plaintiff alleges violated his constitutional rights.  Moreover, plaintiff's

22  medical care at Avenal State Prison is unrelated to his medical care at CHCF.  Pursuant to Federal

23  Rule of Civil Procedure 20(a), individuals may be joined in one action as defendants if any right

24  to relief asserted against them arises out of the same transaction, occurrence, or series of

25  transactions and occurrences, and any question of law or fact common to all defendants will arise

26
27  _____

[2] The Mayo Clinic notes that the course of Valley Fever is "highly variable," and that "it can take
months to fully recover, and fatigue and joint aches can last even longer."  Mayo Foundation for
Medical Education and Research, *Valley Fever*, http://www.mayoclinic.org/diseases-
28  conditions/valley-fever/basics/symptoms/con-20027390 (last visited (July 8, 2015).

1  in the action.  See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims

2  against unrelated defendants belong in different suits").  If unrelated claims are improperly

3  joined, the court may dismiss them without prejudice.  Fed. R. Civ. P. 21; 7 Alan Wright, Arthur

4  Miller & Mary Kay Kane, Richard Marcus, Fed. Prac. & Proc. Civ.3d § 1684 (2012); Michaels

5  Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir.1988) (affirming dismissing under

6  Rule 21 of certain defendants where claims against those defendants did not arise out of the same

7  transaction or occurrences, as required by Rule 20(a)).

8       By the time plaintiff was transferred to CHCF, he had contracted Valley Fever; indeed, it

9  appears he was transferred to CHCF for medical treatment.  Thus, if plaintiff contends that

10 defendants at Avenal State Prison were deliberately indifferent to his serious medical needs,

11 plaintiff must raise such allegations in a separate civil rights complaint filed in the Fresno

12 Division of this court.  The three nurses employed at Avenal State Prison, R. Orinates, A. Vierng,

13 and S. Puckett, are dismissed from this action without prejudice to plaintiff pursuing an action

14 against them in the Fresno Division.  Plaintiff should not include Orinates, Vierng, or Puckett, or

15 other individuals employed at Avenal State Prison, as defendants in any amended complaint filed

16 in this action.

17      Pursuant to the above Eighth Amendment standards, and review of the complaint, the

18 court finds that plaintiff has failed to state a claim for deliberate indifference to his serious

19 medical needs.

20      Finally, plaintiff is required to set forth the name of each defendant in the caption of the

21 amended complaint as well as in the list of defendants within the amended complaint.

22      For all of the above reasons, plaintiff's complaint will be dismissed, with leave to file an

23 amended complaint that meets the substantive legal requirements set forth herein.  Although the

24 Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the

25 elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649

26 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which

27 defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply

28 with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,

1   however, grant leave to file an amended complaint.  If plaintiff chooses to amend the complaint,

2   plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation

3   of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the

4   complaint must allege in specific terms how each named defendant is involved.  Id.  There can be

5   no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

6   defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th

7   Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and

8   conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.

9   Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

11   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

12   complaint be complete in itself without reference to any prior pleading.  This requirement exists

13   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

14   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

15   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

16   original complaint, each claim and the involvement of each defendant must be sufficiently

17   alleged.

18          In accordance with the above, IT IS HEREBY ORDERED that:

19          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

20          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

21   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

22   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

23   Director of the California Department of Corrections and Rehabilitation filed concurrently

24   herewith.

25          3.  Plaintiff's claims against defendants employed at Avenal State Prison are dismissed

26   without prejudice to their renewal in a separate action filed in the Fresno Division of this court;

27          4.  Plaintiff's complaint is dismissed.

28          5.  Within thirty days from the date of this order, plaintiff shall complete the attached

1    Notice of Amendment and submit the following documents to the court:

2              a.  The completed Notice of Amendment; and

3              b.  An original and one copy of the Amended Complaint.

4    Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

5    Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

6    also bear the docket number assigned to this case and must be labeled "Amended Complaint."

7    Failure to file an amended complaint in accordance with this order may result in the dismissal of

8    this action.

9         6.  The Clerk of the Court shall send plaintiff two forms for filing a civil rights complaint,

10   as well as the address for filing such a complaint in the Fresno Division of this court.

11   Dated:  July 16, 2015

12

13                                              _____
                                                 KENDALL J. NEWMAN
14   /conw1139.14n                               UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONALD M. CONWAY,                           No.  2:15-cv-1139 KJN P

12                      Plaintiff,

13          v.                                    NOTICE OF AMENDMENT

14   CALIFORNIA HEALTH CARE
     FACILITY, et al.,
15
                        Defendants.
16

17

18          Plaintiff hereby submits the following document in compliance with the court's order

     filed_____.
19
                    _____        Amended Complaint
20   DATED:

21

22                                       _____
                                         Plaintiff
23

24

25

26

27

28